# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS, | 1:18-cv-00645-GSA-PC |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS** |
| v. | **(ECF No. 1.)** |
| RAJENDRA DWIVEDI, | |
| Defendant. | **THIRTY-DAY DEADLINE TO RESPOND** |

## I. BACKGROUND

Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2018, Plaintiff filed a Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Corcoran State Prison in Corcoran, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names Rajendra Dwivedi, M.D. ("Defendant"), as the sole defendant.

Plaintiff allegations follow. On April 10, 2010, Defendant performed surgery to release fluid that was building up in Plaintiff's left testicle. Defendant said the procedure was simple, requiring only a small incision to release the fluid. Plaintiff asked to remain awake during the surgery. Plaintiff was given an injection into his spine for anesthesia by Larry Mix, C.R.N.A. [not a defendant]. Afterwards, a nurse placed something into Plaintiff's I.V., which caused him to black out. Plaintiff woke up a couple of hours later with white gauze wrapped around his left testicle and a four-inch surgical scar. Most of Plaintiff's left testicle was missing. Plaintiff

asked to see Defendant, but Defendant had gone. The surgery left Plaintiff without the ability to ejaculate, and he has no feeling left. Plaintiff was dissatisfied with the surgery and asked for a second opinion.

Later in 2010, Plaintiff met with Dr. Griffin [not a defendant], who examined Plaintiff. Afterwards, Plaintiff overheard Dr. Griffin discussing with someone on the phone that Plaintiff had been cleaned out, gutted open like a fish, all internal organs removed, then sewed back together. Plaintiff alleges that he was castrated, and because of the surgery he may never be able to have children or a healthy relationship with a woman. Plaintiff alleges that he was not fully informed before the surgery and did not give his full consent.

On March 6, 2018, Plaintiff met with Dr. Metts [not a defendant] to report that he still has problems from the surgery. Plaintiff was offered mental assistance and psychotropic medications, which cannot solve the problem. Plaintiff requests monetary compensation.

## IV.     Statute of Limitations

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners.

Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1. In addition, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges that his rights were violated when surgery was performed by Defendant in 2010 to release fluid that had built up in Plaintiff's left testicle. When Plaintiff awoke after the surgery he discovered that most of his testicle had been removed, and since the surgery he has been unable to ejaculate and has no feeling left.

Based on these allegations, it appears that the statute of limitations for Plaintiff's injuries began to run sometime in 2010. Plaintiff did not file this lawsuit until approximately eight years later, on May 10, 2018. Even allowing for tolling of the limitations period while Plaintiff exhausted his remedies it appears that Plaintiff did not file this lawsuit before the statute of limitations expired. Therefore, the court finds that on the face of the Complaint, Plaintiff's claims are barred by the statute of limitations.

## V. CONCLUSION AND ORDER

The court finds that on the face of Plaintiff's Complaint for this action, his claims are barred by the statute of limitations. Therefore the court shall issue an order to show cause.

4

Plaintiff is required to file a response to this order within thirty days showing why this case should not be dismissed as barred by the statute of limitations.

///

///

## **ORDER TO SHOW CAUSE**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations; and

2. Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

    Dated:   **June 3, 2018**                **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE