UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>        Plaintiff,<br><br>    vs.<br><br>RAJENDRA DWIVEDI,<br><br>        Defendant. | 1:18-cv-00645-DAD-GSA-PC<br><br>**ORDER DENYING AS MOOT DEFENDANT'S REQUEST TO SET ASIDE ENTRY OF DEFAULT**<br>**(ECF No. 39.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT DWIVEDI**<br>**(ECF Nos. 36, 45.)**<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR EXTENSION OF TIME AS MOOT** |

**I.    RELEVANT PROCEDURAL BACKGROUND**

Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on May 10, 2019, against sole defendant Dr. Rajendra Dwivedi ("Defendant") for failing to provide adequate medical care in violation of the Eighth Amendment. (ECF No. 1.)

On January 6, 2020, Plaintiff filed a motion for entry of default against defendant Dwivedi, and on February 24, 2020, Plaintiff filed a motion for default judgment. (ECF Nos. 36, 45.)

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). The court's discretion is especially broad where . . . it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

## III. PLAINTIFF'S MOTIONS

Plaintiff requests the court to enter default and issue a default judgment against defendant Dwivedi for his failure to timely file an answer or other responsive pleading following service of Plaintiff's Complaint. Plaintiff also objects to the court's order requiring Defendant to show cause, within thirty days, why default should not be entered against him.[1] (ECF No. 35.)

///

---

[1] Plaintiff objects to the OSC, arguing that the Magistrate Judge acted as Defendant's attorney by allowing 30 days for Defendant to respond to the OSC. (ECF No. 35.) Plaintiff fails to allege facts or cite authority in support of his argument. Therefore, the objection is overruled.

## IV. ANALYSIS

### A. Background

On August 15, 2019, the court issued an order directing the United States Marshal to serve a summons and Plaintiff's Complaint on defendant Dwivedi. (ECF No. 31.) On October 1, 2019, defendant Dwivedi submitted a signed waiver of service of summons to the court. (ECF No. 32.) Pursuant to the waiver, Defendant had until "60 days after 8/15/2019" -- or until October 14, 2019 -- in which to file "an answer or motion under Rule 12." (Id.) The 60-day deadline expired and Defendant did not file any response to the Complaint.

On December 3, 2019, the court issued an order to show cause (OSC) requiring defendant Dwivedi to show cause within thirty days why default should not be entered against him. (ECF No. 33.) On December 9, 2019, defendant Dwivedi re-submitted his signed waiver of service of summons and notified the court that he is on medical leave because he suffered a stroke in August 2019. (ECF No. 34.)

On January 9, 2020, the court issued another OSC requiring defendant Dwivedi to show cause within thirty days why default should not be entered against him. (ECF No. 37.) On February 10, 2020, Defendant appeared with counsel and filed a response to the OSC, requesting the court to set aside the entry of default and grant him an extension of time to respond to the Complaint. (ECF No. 39.) Defendant Dwivedi, a licensed physician, asserts that while he did execute a waiver of service of summons form and submit it to the court, he did not notify his insurance company until about Thursday, February 6, 2020, of the complaint filed against him. Defendant explains that his insurance company notified counsel on Friday, February 7, 2020, and counsel for the insurance company intends to defend this action against Defendant. Defendant argues that his failure to file a timely response was not a willful act on his part, but merely a misunderstanding of the claim and representation process under his malpractice insurance. Defendant argues that setting aside the entry of default and allowing additional time for Defendant to respond to Plaintiff's Complaint would not prejudice Plaintiff. Defendant requests a 28-day extension of time from February 10, 2020, in which to file a pleading responsive to

///

Plaintiff's Complaint. On March 6, 2020, Defendant filed a motion to dismiss this case. (ECF No. 46.)

### B. Discussion

To date, the court has not entered default against Defendant Dwivedi in this case. Therefore, Defendant's request for the court to set aside the entry of default is moot and shall be denied as such.

Because Defendant has appeared in this action, attests that he intends to defend this action, and filed a motion to dismiss the case, the court cannot find that he failed to plead or otherwise defend this action. Therefore, under Rule 55, Plaintiff is not entitled to entry of default or default judgment against defendant Dwivedi. Accordingly, Plaintiff's motions for entry of default and default judgment shall be denied.

Moreover, given that defendant Dwivedi filed a motion to dismiss on March 6, 2020, Defendant's request for extension of time to file a responsive pleading shall be denied as moot.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Dwivedi's request for the court to set aside the entry of default against him, filed on February 20, 2020, is DENIED as moot;
2. Plaintiff's motions for entry of default and default judgment against defendant Dwivedi, filed on January 6, 2020 and February 24, 2020, are DENIED; and
3. Defendant Dwivedi's request for an extension of time to file a pleading responsive to Plaintiff's Complaint is DENIED as moot.

IT IS SO ORDERED.

Dated: **March 9, 2020**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE