UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RAJENDRA DWIVEDI,<br><br>　　　　　Defendant. | 1:18-cv-00645-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(ECF No. 54)**<br><br>**ORDER FOR CLERK TO SEND TO PLAINTIFF:**<br><br>**(1) DOCUMENTS ## 39, 40, 41, 42, 43 & 44,**<br><br>　　**AND**<br><br>**(2) A COPY OF THE DOCKET SHEET FOR THIS ACTION** |

**I.　BACKGROUND**

Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's Complaint filed on May 10, 2019, against sole defendant Dr. Rajendra Dwivedi ("Defendant") for failing to provide adequate medical care in violation of the Eighth Amendment.  (ECF No. 1.)

On March 23, 2020, Plaintiff filed an objection the Magistrate Judge's order issued on March 10, 2020.  (ECF No. 54.) The court construes Plaintiff's objection as a motion for reconsideration.

1

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. PLAINTIFF'S MOTION

Plaintiff seeks reconsideration of the Magistrate Judge's order denying as moot Plaintiff's request for entry of default against defendant Dwivedi and denying Plaintiff's motion for default

2

judgment as premature, without prejudice to renewal of the motion at a later stage of the proceedings. (ECF No. 52.) Plaintiff objects to the order for the following reasons: (1) Plaintiff filed a timely motion for entry of default and neither Defendant nor Defendant's attorney responded; (2) Plaintiff has not received any copies by the court regarding defendant Dwivedi's request for the court to set aside the entry of default, filed on February 20, 2020; (3) Plaintiff has not received a copy of defendant Dwivedi's request for extension of time to file a pleading responsive to the complaint; and, (4) Plaintiff's request for a default against defendant Dwivedi is supported by a standard of review in United States v. Reyna-Tapia , 328 F.3d 1114, 1121 (9th Cir. 2003) and Federal Rules of Civil Procedure 12(b)(6).

## IV. DISCUSSION

The court offers this brief explanation of the court's rulings in the order denying Plaintiff's request for entry of default and motion for default judgment:

> Plaintiff's request for entry of default was denied because defendant Dwivedi filed a request for the court to set aside the entry of default and grant him an extension of time to respond to the complaint. Because the court had not entered default against defendant Dwivedi, Plaintiff's request to set aside the entry of default was moot. The court found that Defendant's failure to file a timely response to the complaint was not a willful act on his part, but merely a misunderstanding. Therefore, Plaintiff's request for entry of default was denied.
>
> Plaintiff's motion for default judgment was denied as premature because a motion for default judgment should not be filed until <u>after</u> default is entered, and Plaintiff filed it <u>before</u> default was entered.

Plaintiff does not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decisions. Therefore, Plaintiff's motion for reconsideration shall be denied.

It is not apparent why Plaintiff did not receive some of the documents that were served upon him. According to the court's record, Plaintiff has had the same address throughout this case, and the court's methods of service have not changed. The court shall send the documents

on Plaintiff at his address of record, Kern Valley State Prison, P.O. Box 6000, Delano, California. In addition, the clerk shall be directed to send Plaintiff a copy of the docket sheet, for his review.

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 23, 2020, is DENIED; and
2. The Clerk is directed to send Plaintiff:
    (1) Documents #39, 40, 41, 42, 43, and 44; and
    (2) A copy of the docket sheet for this action.

IT IS SO ORDERED.

Dated:   **April 1, 2020**              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE