UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>RAJENDRA DWIVEDI, et al.,<br><br>    Defendants. | 1:18-cv-00645-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANT DWIVEDI ON PLAINTIFF'S MEDICAL CLAIM UNDER THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

    Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 10, 2018. (ECF No. 1.)

    On July 8, 2019, the court screened the Complaint and found that it states a cognizable medical claim under the Eighth Amendment against defendant Dr. Rajendra Dwivedi, but no other claims. (ECF No. 25.) Defendant Dwivedi was served with process.

    On November 12, 2020, the court issued an amended screening order acknowledging defendants who were inadvertently omitted from the first screening order. (ECF No. 67.) The amended order found that the following defendants were named in the Complaint: Rajendra

Dwivedi (M.D.), Dr. Barns, Dr. Griffin, Larry Mix (CRNA - Anesthetist), Officer Clark (Transportation Officer), Officer Viagorosa (Transportation Officer), Dr. M. Bridgeford, C. Cryer (CEO), D. Roy (DSW), P. Martinez (Health Care Grievance Coordinator), S. Gates (Chief Health Care Grievance Coordinator), Dr. P. Metts (Substance Abuse Treatment Facility, Corcoran (SATF)), William C. Ryan (Judge, Los Angeles County Superior Court), and Robert S. Burns (Judge, Kings County Superior Court) (collectively, "Defendants"). (Id.) The court found that the Complaint states a cognizable medical claim under the Eighth Amendment against defendant Dr. Rajendra Dwivedi, but no other claims against any of the Defendants. Plaintiff was required to either (1) file an amended complaint, or (2) notify the court that he is willing to proceed only with the medical claim against defendant Dr. Rajendra Dwivedi found cognizable by the court. (Id.)

On November 25, 2020, Plaintiff notified the court that he is willing to proceed only with the medical claim against defendant Dwivedi found cognizable by the court. (ECF No. 68.)

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's medical claim under the Eighth Amendment against defendant Dr. Rajendra Dwivedi;

2. All remaining claims and defendants be dismissed from this action;

3. Plaintiff's claims for an inadequate prison appeals process and state law claims be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted;

4. Defendants Dr. Barns, Dr. Griffin, Larry Mix (CRNA - Anesthetist), Officer Clark (Transportation Officer), Officer Viagorosa (Transportation Officer), Dr. M. Bridgeford, C. Cryer (CEO), D. Roy (DSW), P. Martinez (Health Care Grievance Coordinator), S. Gates (Chief Health Care Grievance Coordinator), Dr. P. Metts (Substance Abuse Treatment Facility, Corcoran (SATF)), William C. Ryan (Judge, Los Angeles County Superior Court), and Robert S. Burns (Judge, Kings County Superior Court) be dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted; and

5.  This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 2, 2020__          __/s/ Gary S. Austin__
                                     UNITED STATES MAGISTRATE JUDGE