UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>        Plaintiff,<br><br>    vs.<br><br>RAJENDRA DWIVEDI,<br><br>        Defendant. | **1:18-cv-00645-DAD-GSA-PC**<br><br>**ORDER STRIKING IMPERMISSIBLE SURREPLY**<br>**(ECF No. 79.)** |

## I.  BACKGROUND

Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this case on May 10, 2018.  (ECF No. 1.)  This case now proceeds with Plaintiff's initial Complaint against sole defendant Dr. Rajendra Dwivedi ("Defendant") for failing to provide adequate medical care in violation of the Eighth Amendment.  (Id.)

On February 8, 2021, Defendant filed a motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (ECF No. 73.)  On March 4 and 5, 2021, Plaintiff filed an opposition to the motion.  (ECF Nos. 74, 76.)  On March 8, 2021, Defendant filed a reply to the opposition.  (ECF No. 75.)

On April 5, 2021, Plaintiff filed a second opposition to the motion to dismiss.  (ECF No. 79.)  The court construes Plaintiff's second opposition as an impermissible surreply.

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's second opposition to Defendants' motion is a surreply because it was filed on April 5, 2021, after Defendant's motion was fully briefed. The motion to dismiss was fully briefed and submitted on the record under Local Rule 230(*l*) on March 8, 2021 when Defendant filed a reply to Plaintiff's first opposition. (ECF No. 75.) In this case the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[1]

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on April 5, 2021, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:  **June 9, 2021**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶II.A.)