UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>        Plaintiff,<br><br>vs.<br><br>RAJENDRA DWIVEDI,<br><br>        Defendant. | **1:18-cv-00645-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DWIVEDI'S RULE 12(b)(6) MOTION TO DISMISS CASE AS BARRED BY STATUTE OF LIMITATIONS BE GRANTED**<br>**(ECF No. 73.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS** |

## I.      BACKGROUND

Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this case on May 10, 2018.  (ECF No. 1.)  This case now proceeds with Plaintiff's initial Complaint against sole defendant Dr. Rajendra Dwivedi ("Defendant") for failing to provide adequate medical care in violation of the Eighth Amendment.  (Id.)

On February 8, 2021, Defendant filed a motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (ECF No. 73.)  On March 4 and 5, 2021, Plaintiff filed an opposition to the motion.  (ECF Nos. 74, 76.)  On March 8, 2021, Defendant filed a reply to the opposition.  (ECF No. 75.) The motion is now before the court.  Local Rule 230(*l*).

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California.  The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff's allegations follow:

In 2010, Plaintiff's left testicle was swollen and he met with Dr. Barns [not a defendant] who gave Plaintiff a sonogram, which showed that fluid was building up in his left testicle.  On April 10, 2010, Officer Clark [not a defendant] drove Plaintiff to Corcoran District Hospital and defendant Dr. Dwivedi performed hydrocelectomy surgery to release the fluid from Plaintiff's left testicle.  Dr. Dwivedi said the procedure was simple requiring only a small incision to release the fluid.  Plaintiff asked to remain awake during the surgery, but he was given an injection into his spine for anesthesia by Larry Mix [not a defendant], and a nurse [not a defendant] placed something into Plaintiff's I.V. which caused him to black out.  Plaintiff woke up a couple of hours later with white gauze wrapped around his left testicle and a four-inch surgical scar.  Most of Plaintiff's left testicle was missing.  Plaintiff asked to see Dr. Dwivedi, but Dr. Dwivedi had gone.

Plaintiff returned to Corcoran State Prison escorted by Transportation Officers Clark and Viagorosa [not defendants]. The surgery left Plaintiff without the ability to ejaculate, and he has no feeling left.  Plaintiff was rescheduled to see Dr. Dwivedi.  Plaintiff was dissatisfied with the surgery and filed a 602 appeal that was picked up by Attorney General Eric Holder.  A reply was sent to Plaintiff by mail that no castration had been performed.   Plaintiff's attempts to retrieve the 602 complaint through medical has been in vain, as if it was never on record.  P. Martinez

2

[not a defendant] gave Plaintiff a rejection notice for the appeal on October 5, 2017.  Bridgeford [not a defendant] interviewed Plaintiff for his health care appeal on October 12, 2017 and October 24, 2017.  D. Roy [not a defendant] signed off on the appeal on November 7, 2017.  Cryer (CEO) [not a defendant] reviewed Plaintiff 602 Health Care appeal on November 14, 2017.  S. Gates [not a defendant] signed off on the appeal response (no interview was needed).  On December 27, 2017, Judge Ryan [not a defendant] was made aware of Plaintiff's castration and torture.  Judge Robert Burns [not a defendant] was also made aware of Plaintiff's torture.

Later in 2010, Plaintiff met with Dr. Griffin [not a defendant] at an outside Corcoran clinic for a second opinion.  After Dr. Griffin examined Plaintiff, Plaintiff overheard Dr. Griffin discussing with someone on the phone that Plaintiff had been cleaned out, gutted open like a fish, all internal organs removed, then sewed back together.  Plaintiff alleges that he was castrated and because of the surgery he may never be able to have children or a healthy relationship with a woman.  Plaintiff alleges that he was not fully informed before the surgery and did not give his full consent.

On March 6, 2018, at the California Substance Abuse Treatment Facility (SATF) in Corcoran, Plaintiff met with Dr. Metts [not a defendant] at SATF to report that he still has problems from the surgery.  Plaintiff was scheduled to get an update from Dr. Metts in a couple of weeks, which he never did.

Plaintiff has been unable to retrieve a copy of the sonogram taken by Dr. Barns in 2010.  Plaintiff's efforts to appeal his grievance about the surgery have been "redherred."   (ECF No. 1 at 4:24.)  Plaintiff was offered mental assistance and psychotropic medications, which cannot solve the problem.

Plaintiff requests monetary compensation from defendant Dr. Dwivedi as relief.

## III.   RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable

to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).  In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555–56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 679 (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. at 680 (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## IV.    DEFENDANT'S MOTION TO DISMISS

Defendant Dr. Dwivedi argues that: (1) he is not precluded from bringing this motion to dismiss; (2) Plaintiff's Complaint fails to state a cause of action against Dr. Dwivedi; (3) Plaintiff's Complaint fails to allege that Defendant Dr. Dwivedi was acting under "color of state law;" (4)  Plaintiff's claim is barred by the statute of limitations; and (5) the court should not exercise supplemental jurisdiction over Plaintiff's state law malpractice claim.

First, Defendant argues that notwithstanding the court's findings that Plaintiff states a cognizable medical claim in the Complaint, Defendant is not foreclosed from bringing this motion to dismiss Plaintiff's claims.

Second, Defendant argues that Plaintiff's Complaint fails to state a cause of action against Dr. Dwivedi because Plaintiff uses conclusory language and fails to allege facts showing that Dr. Dwivedi deliberately disregarded an excessive risk of harm to his health.  Defendant argues that it is clear from the face of the Complaint that Dr. Dwivedi performed the scheduled hydrocelectomy surgery, for which Plaintiff knew and understood the risks and agreed to proceed.  Defendant contends that even if Defendant's treatment and care of Plaintiff fell below the standard of care, Plaintiff alleges at most a claim for professional negligence.  Furthermore, Defendant finds no allegations demonstrating that Dr. Dwivedi was even aware of the alleged complication after surgery and somehow ignored Plaintiff and denied him medical care.  Defendant argues that on the contrary, Plaintiff was able to obtain a second opinion by another healthcare provider, Dr. Griffin, shortly after the surgery showing that Plaintiff clearly was not

denied medical care by Dr. Dwivedi. Defendant contends that Dr. Griffin's difference of opinion about the surgery, if any, cannot form the basis of an Eighth Amendment violation.

Defendant contends that Plaintiff has only alleged that he underwent surgery that was different from what he expected and that it was done in a way to cause Plaintiff physical injury, yet there is nothing to suggest that Dr. Dwivedi was involved in Plaintiff's care after the surgery.

Third, Defendant argues that Plaintiff failed to allege in the Complaint that Dr. Dwivedi acted under "color of state law," and failed to allege the existence of any relationship between Dr. Dwivedi and the State of California.

Fourth, Defendant argues that Plaintiff's claim is barred by the statute of limitations because Plaintiff suffered injury during surgery in April 2010, but did not file his Complaint until May 10, 2018, more than eight years later, which is well outside of the two year tolling of California's one-year statute of limitations allowed for a prisoner.

Finally, Defendant argues that the court should not exercise supplemental jurisdiction over Plaintiff's state law malpractice claims because Plaintiff has not identified a violation of federal law.

## V.   PLAINTIFF'S OPPOSITION

In opposition to Defendant's motion to dismiss, Plaintiff argues that: (1) the surgery performed by Dr. Dwivedi at an outside hospital in Corcoran was not performed under standard procedures; Plaintiff did not give any signed consent for surgery to remove any of his body parts surgically; and it is not sufficient for Defendant to say that Plaintiff agreed to the surgery without producing a signed consent; (2) Defendant Dr. Dwivedi is not naïve [about] the surgery he performed on April 16, 2010, which left Plaintiff in his present condition; (3) through interrogatories and admissions, Plaintiff will be able to show the requisite state of mind of Dr. Dwivedi, but the discovery was returned to Plaintiff by the court as being sent prematurely; (4) Dr. Dwivedi explained the surgery procedure he would perform, hydrocelectomy, as a simple insertion of a syringe to draw out fluid, with no surgery involved; (5) Plaintiff took all necessary steps to exhaust one line of administrative review and did not receive instructions on how to proceed once his attempts at review were foiled; thus, Plaintiff has exhausted his administrative

remedies under the PLRA; (6) after the surgery was performed, Plaintiff requested two separate interviews and discussed his dissatisfaction; these interviews have been requested through medical records but cannot be found; (7) Plaintiff has provided exculpatory evidence pertaining to U.S.D.C. screen-outs which supports Plaintiff being moved and constantly transferred during the 2010 surgery, and his personal property was lost on more than one occasion; these are well-known tactics and retaliation used by prison administrations to set prisoners back and may hinder their legal claims for years; (8) for years, prison administration claimed they had no record of Plaintiff's 602 complaint COR-IA-09-2010-14494, but the U.S. Department of Justice Office of information policy sent Plaintiff a copy of the complaint; the CDCR lost or failed to preserve Plaintiff's 602 complaint against Dr. Dwivedi, which prevented Plaintiff from adequately pursuing his claim of injury; (9) it is not documented in the records of medical procedure performed by Dr. Dwivedi on April 16, 2010 that Plaintiff's left testicle was raised up and looks deformed as if stitched directly to the penis; (10) defendant acted under color of state law requirement including misuse of power possessed by virtue of state law, which clothes the wrongdoer with the authority of state law; Dr. Dwivedi is a licensed contractor for CDCR (11) Plaintiff's medical exam and consultation with urologist Bruce Stone at Mercy Hospital supports Plaintiff's condition; and (12) there is no evidence to support Dr. Dwivedi's version of the surgery.

Plaintiff argues that his complaint should not be dismissed because there are triable issues, and the deliberate indifference claim is strongly supported because it was medically unacceptable to perform surgery without a signed consent from Plaintiff. As well, Plaintiff argues that Defendant should not be allowed qualified immunity.

## VI.   STANDARDS GOVERNING THE STATUTE OF LIMITATIONS

A statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint. State Farm Gen. Ins. Co. v. ADT LLC, No. 2:18-CV-03149-MCE-AC, 2019 WL 2103406, at *2 (E.D. Cal. May 14, 2019) (citing See Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987); United States ex rel. Air Control Tech., Inc. v. Pre Con Industries, Inc., 720 F.3d 1174, 1178 (9th Cir. 2013)

(internal quotation and citations omitted).

///

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)); accord Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). The applicable statute of limitations on a claim begins to run upon accrual, which is normally the date of the injury. See Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994).

In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. The applicable statute of limitations for section 1983 actions is that of the forum state. See Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, the two-year statute of limitations is tolled for two years if the claimant is a prisoner serving a term less than life. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1; Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts

borrow the state's equitable tolling rules to the extent those rules are not inconsistent with federal law). Only prisoners sentenced to life without the possibility of parole are excluded from such additional two-year tolling provision. See Brooks v. Mercy Hospital, 1 Cal. App. 5th 1, 7 (Cal. App. 2016) (holding the statutory language of § 352.1(a) excludes those sentenced to life without the possibility of parole, but is applicable to prisoners serving a sentence of life with the possibility of parole). Thus, a prisoner serving a term of less than life, or of life with the possibility of parole, in California effectively has four years to file a federal section 1983 claim.

In addition, prisoners are entitled to tolling during the exhaustion of mandatory administrative remedies. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process" required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)).

This court must apply California law governing equitable tolling. Jones, 393 F.3d 927. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)); Dimcheff v. Bay Valley Pizza, Inc., 84 F. App'x 981, 983 (9th Cir. 2004). "Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defendant against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Azer, 306 F.3d at 936 (citation and internal quotation marks omitted); Fink, 192 F.3d at 916. A plaintiff is only entitled to equitable tolling if all three prongs of the test are satisfied. Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001). Plaintiff bears the burden to plead facts demonstrating he is entitled to equitable tolling. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would

suffer no prejudice.'" <u>Jones</u>, 393 F.3d at 928 (quoting <u>Lantzy v. Centex Homes</u>, 31 Cal. 4th 363, 370 (2003)).

///

**Defendants' Position**

Defendant argues that Plaintiff's claim is barred by the statute of limitations because Plaintiff suffered injury during surgery in April 2010 but did not file his Complaint until May 10, 2018, more than eight years later.

Defendant argues that even accepting the facts pled in Plaintiff's Complaint as true, Plaintiff admits that he was aware of his injury and the causal relationship between the alleged injury and the hydrocelectomy surgery performed by Defendant more than one year prior to filing suit. Plaintiff alleged in the Complaint that he first realized "almost his entire left testicle was removed and that he had no feeling left . . . when he awoke a few hours following the procedure." (ECF No. 47 at 6:5-7.) Later in 2010, due to the complications he was experiencing, Plaintiff sought an opinion from another doctor who confirmed that the medical procedure performed was not a hydrocelectomy. Because Plaintiff underwent surgery on April 16, 2010 and filed his Complaint on May 10, 2018, Defendant argues that the Complaint makes clear that Plaintiff's claim is time-barred.

**Discussion**

Plaintiff's medical claim in the Complaint arises out of surgery which allegedly occurred in April 2010. The initial Complaint in this action, however, was not filed until May 10, 2018 – approximately eight years later. Plaintiff is entitled to tolling during the time spent exhausting his claims. <u>See Brown</u>, 422 F.3d at 926 (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a) ).

Initially, the Court begins by determining when Plaintiff's claims for injury against defendant Dr. Dwivedi, for violation of Plaintiff's Eighth Amendment right to adequate medical care, accrued. In this case, Plaintiff's claims are predicated on events that occurred in April 2010,

when Dr. Dwivedi performed surgery on Plaintiff. (ECF No. 1 at 3.)  Plaintiff alleges in the Complaint:

> "I woke up [on April 16, 2010] perhaps a couple of hours later with white gauze wrapped around my left testicle with a 4" surgical scar.  Most of my left testicle was missing.  I requested to see Rajendra Dwivedi, the surgeon.  Rajendra Dwivedi had left.  I returned to the Corcoran State Prison escorted by Officers Clark and Viagorosa, Transportation Officers.  Later I was rescheduled to see Dwivedi, M.D. – I had been dissatisfied with the surgery and 602'd it – the 602 complaint had been picked up by Attorney General Eric Holder.  A reply was sent to me by mail that no castration had been performed.  All attempts to retrieve this 602 complaint through medical has been in vain as if it's never been on record.  Later I requested in 2010 to get an opinion from another doctor and I was taken to outside Corcoran Clinic to see Dr. Griffin.  Dr. Griffin completed his exam of the petitioner and I overheard him discussing with someone over the phone that the petitioner had been clean[ed] out, obviously gutted open like a fish, all internal organs removed then sewed back together, which would be no different from cutting off the left testicle, it's just being done through a medical procedure disguised as a hydrocelectomy."

(Complaint, ECF No. 1 at 3 ¶ 3 – 4:10.)

Plaintiff's allegations in the Complaint show that his § 1983 medical claim  accrued on April 16, 2010, because Plaintiff was aware of his injury on that date.  See Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015) (stating that, "an action ordinarily accrues on the date of the injury" (citation and internal brackets omitted)).

Next, the Court must apply the statute of limitations applicable to Plaintiff's claim in order to determine whether the statute of limitations lapsed before Plaintiff filed this action.  With regard to Plaintiff's § 1983 claims the court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  Canatella v. Van

11

De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citation and internal quotation marks omitted); Jones, 393 F.3d 918, 927 (9th Cir. 2004) (stating that courts apply a state's statute of limitations for personal injury actions to claims brought pursuant to 42 U.S.C. § 1983).

///

Plaintiff's § 1983 claims would be subject to the two-year statute of limitations set forth in California Code of Civil Procedure § 335.1, see Canatella, 486 F.3d at 1132, and there is no evidence in the Complaint that would foreclose Plaintiff's eligibility for an additional two years of equitable tolling under § 352.1, thus giving him four years in which to file his Complaint. Therefore Plaintiff's § 1983 claims accrued on April 16, 2010, yet he delayed filing the instant action until May 10, 2018. As a result Plaintiff's federal and state law claims are time-barred unless Plaintiff is entitled to approximately four additional years of tolling. If Plaintiff is not entitled to any additional statutory or equitable tolling, then the statute of limitations applicable to Plaintiff's claims expired no later than April 16, 2014, approximately four years before Plaintiff filed this action on May 10, 2018. Here, the defense appears complete and obvious from the face of the complaint because this action was filed more than eight years after the events alleged in the complaint occurred. The only event mentioned in the Complaint that occurred less than four years before the filing of the complaint was that one of Plaintiff's inmate appeals was decided within that period. However, as discussed below, the appeal that was decided was not relevant to Plaintiff's claims in this action.

Thus, the court next looks to equitable tolling of the statute of limitations while Plaintiff completed the administrative exhaustion process required by the PLRA. "Equitable tolling under California law operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (citations and internal quotation marks omitted). Therefore, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. (citations and internal quotation marks omitted). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that

12

whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" <u>McDonald v. Antelope Valley Community College</u>, 45 Cal.4th 88, 101 (2008) (citation omitted); <u>see</u> Cal. Code. Civ. Proc. § 356 (tolling applies whenever commencement of an action is statutorily prohibited). Therefore, since the Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust their available administrative remedies prior to filing suit, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." <u>Brown</u>, 422 F.3d at 943; <u>see</u> <u>Jones v. Bock</u>, 549 U.S. 199, 202 (2007) (stating that "the PLRA . . . requires prisoners to exhaust prison grievance procedures before filing suit").

In this case, Plaintiff alleges that he submitted two inmate grievances, one on August 30, 2010, log no. COR-IA-09-10-14494, and another on September 16, 2017, log no. SATF HC 17000144. Plaintiff alleges in the Complaint that sometime after surgery he filed a form 602 complaint which was "picked up by Attorney General Eric Holder," and "a reply was sent to me by mail that no castration had been performed. All attempts to retrieve this 602 complaint through medical have been in vain, as if it's never been on record." (Complaint, ECF No. 1 at 3 ¶ 3 – 4:2.) In his opposition to the motion to dismiss, Plaintiff identifies this 602 complaint as log no. COR-IA-09-10-14494 submitted on August 30, 2010, and alleges that the U.S. Department of Justice Office of Information sent him a copy of the complaint. (Opposition, ECF No. 74 at 7:12-16, 8:2-7.) Plaintiff has not provided the time period during which he completed the prison grievance procedures for this grievance. He states in his opposition to the motion to dismiss that he "took all necessary steps to exhaust one line of administrative review and did not receive instructions on how to proceed once his attempts at review were foiled. In the factual context of this case, he has exhausted his administrative remedies under the PLRA." (ECF No. 74 at 7:7-11.) However, Plaintiff does not allege that he completed all levels of review or received responses to appeals at every level including the final level of review, thus properly exhausting his administrative remedies. Instead, Plaintiff appears to allege that he was hindered

by prison administrators from exhausting his remedies for his appeal log no. COR-IA-09-10-14494.

> "The Plaintiff has provided exculpatory evidence to the U.S.D.C. screen outs which supports Plaintiff being moved constantly transferred during this surgery of 2010 and the Plaintiff's personal property had been lost on more than one occasion in which these are well known tactics & retaliation used by the prison administrations to set prisoners back and may hinder their legal claims for years, ruled & favored to the Plaintiff by the court."

(ECF No. 74 at 7:22 – 8:1.)

> "Here the Department of Corrections & Rehabilitation either intentionally or negligently lost or failed to preserve the petitioner's 602 complaint against Rajendra Dwivedi, and this loss has prevented petitioner from adequately pursuing his claim of injury."

(Id. at 9:5-9.)

Even taking Plaintiff's allegations as true that CDCR lost his 602 complaint and transferred him thus preventing him from exhausting available remedies with this 602 complaint, it nevertheless DOES NOT make his claims timely. If Plaintiff's efforts to complete the exhaustion process were obstructed, then the requirement to exhaust is excused because Plaintiff has exhausted all of the remedies available to him. Prisoners are required to exhaust the *available* administrative remedies prior to filing suit. Jones, 549 U.S. at 211; McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (emphasis added). A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).

Evidence attached to the Complaint shows that Plaintiff also submitted a health care grievance on September 26, 2017, log no. SATF HC 17000144, seeking mental health care for various issues including those pertaining to his "castration surgery given in 2010 Corcoran SHU performed by Dr. Dwivedi." (Exhibits to Complaint, ECF No. 1 at 14-21.) This appeal was

submitted to the Headquarters' level of review and a response was issued on March 7, 2018, exhausting Plaintiff's remedies.  (Exhibits to Complaint, ECF No. 1 at 14.)  However, evidence of this appeal does not support Plaintiff's equitable tolling argument  for two reasons: 1-this appeal does not address any of Plaintiff's allegations or claims in the Complaint, and 2- it was filed after the applicable Statute of Limitations had run.    As to the first reason listed above, this appeal concerns Plaintiff's grievance that CDCR's mental health staff refused to provide him with therapy when he requested it. (ECF No. 1 at 14.)  Plaintiff's need for therapy or the CDCR's refusal to provide it are not addressed anywhere in Plaintiff's Complaint, and this appeal does not concern any of the claims in Plaintiff's Complaint.  Thus, Plaintiff's health care appeal submitted on September 26, 2017, does not toll the limitations period for any of the claims in this action, nor could it as the limitations period had already run.

A claim may be dismissed on the ground that it is barred by the statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted).  Where the running of the statute of limitations is apparent on the face of the complaint, the burden of alleging facts that would give rise to tolling falls upon the plaintiff. Hinton, 5 F.3d at 395; see also In re Reno, 55 Cal. 4th 428, 511, 146 Cal.Rptr.3d 297, 283 P.3d 1181 (2012) ("in a typical civil matter, when a complaint shows on its face . . . that a pleaded cause of action is apparently barred by the statute of limitations, plaintiff must plead facts which show an excuse, tolling, or other basis for avoiding the statutory bar") (citations and quotations omitted).  Generally, a "motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).  Here, Plaintiff has not met his burden to allege facts that would give rise to tolling while he attempted to exhaust his remedies.  Plaintiff alleges that he submitted his grievance on August 30, 2010 and contends that he was unable to complete the exhaustion process because his attempts were obstructed.  If, as Plaintiff alleges, the Department of Corrections & Rehabilitation either intentionally or negligently lost or failed to preserve his 602

complaint against Rajendra Dwivedi, preventing him from pursuing his claim of injury, then Plaintiff would have exhausted the remedies available to him thus excusing him from exhausting his remedies and allowing him to file his complaint.

Based on the foregoing, the court finds that the running of the limitations period is apparent on the face of Plaintiff's Complaint. Plaintiff's claim accrued in April of 2010 when he knew that he had suffered an injury during surgery. Absent additional tolling, the two years limitations period, together with the two years tolling for Plaintiff's disability as a prisoner, expired four years later on either the 10th or 16th of April 2014. It appears beyond doubt that Plaintiff cannot prove any set of facts that would establish the timeliness of his claim. Therefore, Plaintiff's Complaint should be dismissed as barred by the statute of limitations. **Based on this finding, the Court need not go further in its analysis of Defendants' motion to dismiss.**

## VII. CONCLUSION AND RECOMMENDATION

The court has found that Plaintiff's claims in this action are barred by the statute of limitations and thus should be dismissed for Plaintiff's failure to timely file the Complaint. Therefore, Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's case should be granted as barred by the statute of limitations and this case should be dismissed in its entirety, with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's claims as barred by the statute of limitations, filed on February 8, 2021, be GRANTED; and

2.     This case be dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) after the date of service of these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to

file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2021**                           **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE