UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RAJENDRA DWIVEDI,<br><br>　　　　　Defendant. | 1:18-cv-00645-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION**<br>**(ECF No. 86.)** |

**I.　　BACKGROUND**

　　　Barry L. Brookins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on May 10, 2018. (ECF No. 1.) This case now proceeds with Plaintiff's initial Complaint against sole defendant Dr. Rajendra Dwivedi ("Defendant") for failing to provide adequate medical care in violation of the Eighth Amendment. (Id.)

　　　On February 8, 2021, Defendant filed a motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (ECF No. 73.) On March 4 and 5, 2021, Plaintiff filed an opposition to the motion. (ECF Nos. 74, 76.) On March 8, 2021, Defendant filed a reply to the opposition. (ECF No. 75.)

1

On April 5, 2021, Plaintiff filed a second opposition to the motion to dismiss. (ECF No. 79.) The court construed Plaintiff's second opposition as an impermissible surreply and issued an order striking Plaintiff's second opposition as improperly filed. (ECF No. 82.)

On July 9, 2021, Plaintiff filed a response to the court's order striking Plaintiff's second opposition as a surreply. (ECF No. 86.) The court construes Plaintiff's response as a motion for reconsideration of the court's order.

## II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff argues that he should be permitted to file a surreply in response to Defendant's reply brief filed on March 8, 2021, because Defendant raised new issues in the reply brief, including: (1) that Plaintiff did not establish a constitutional Eighth Amendment violation, citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); (2) to correct and give support by law the speculation by Defendant that Plaintiff gave consent to surgery where there is no evidence on record to support the allegation; (3) the issues of a civil rights violation not supporting Plaintiff's claim; (4) a deliberate indifference claim not being established by Plaintiff; (5) Plaintiff falling short in showing the requisite state of mind and egregious wrong by Defendant Dwivedi; (6) there is still no indication in the complaint that Dr. Dwivedi was personally informed of and/or made aware of the so-called injury to Plaintiff; (7) there is no allegation that Dr. Dwivedi was remotely aware of the complaints and criticisms from Plaintiff; (8) Plaintiff's complaint fails to allege that Dr. Dwivedi was acting under the color of state law (which caused Plaintiff to amend his reply in the April 5, 2021 documents now stricken by the court as an impermissible surreply); and (9) Plaintiff is still unable to actually identify a violation of federal law, see 28 U.S.C. § 1367(c)(3).

The court has reviewed Defendant's motion to dismiss filed on February 8, 2021 (ECF No. 73) and finds that all of the 9 issues listed by Plaintiff were raised and addressed by Defendant Dwivedi in the motion to dismiss. Because all of the 9 issues listed by Plaintiff were raised and addressed in the motion to dismiss filed on February 8, 2021, none of the 9 issues was a new issue raised in Defendant's reply brief filed on March 8, 2021. Plaintiff was informed of all of the 9 issues in the motion to dismiss and was afforded the opportunity to respond to all of the 9 issues in his opposition to the motion to dismiss. Thus, Plaintiff's contention that Defendant raised new issues in the reply brief is incorrect. Plaintiff has not set forth facts or law of a strongly

///

convincing nature to induce the court to reverse its prior decision to strike Plaintiff's surreply. Therefore, the motion for consideration shall be denied.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 9, 2021, is DENIED.

IT IS SO ORDERED.

Dated:  **July 12, 2021**                              **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE