UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAJENDARA DWIVEDI, M.D.,<br><br>　　　　　Defendant. | No. 1:18-cv-00645-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 73, 83) |

　　　　Plaintiff Barry L. Brookins is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 10, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss this case as barred by the applicable statute of limitations (Doc. No. 73) be granted.  (Doc. No. 83.)  Those findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service.  (*Id.* at 16.)  On July 6, 2021 defendant filed a notice stating that plaintiff had failed to timely file objections and requesting that the pending findings and recommendations be submitted to the undersigned "without consideration of any 'objection' from the parties." (Doc. No. 84.)  On July 8, 2021, plaintiff's objections were docketed.  (Doc. No. 85.)  On July 19, 2021, defendant filed a reply to plaintiff's objections.  (Doc. No. 89.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed and considered the entire file, including plaintiff's objections and defendant's reply thereto, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff asserts in a confusing fashion[1] that this action should not be dismissed as barred by the statute of limitations because he was transferred in between various special housing units ("SHUs") and because defendant Dr. Dwivedi had left Corcoran State Prison ("Corcoran") and opened his own medical office elsewhere. (Doc. No. 85 at 2, 21.) Plaintiff states that due to defendant's departure from Corcoran, plaintiff was unable to conduct the necessary research regarding defendant's whereabouts because plaintiff did not have access to a computer in the SHU. (*Id.* at 2–3.) Plaintiff requests equitable tolling of the statute of limitations based upon these circumstances for an unspecified period of time so that this action may proceed as timely filed. (*Id.* at 3.)

Defendant's reply begins with a request that plaintiff's objections not be considered because they were untimely. (Doc. No. 89 at 2.) Defendant then argues that plaintiff has not provided any legal arguments or factual support that refute the pending findings and recommendations. (*Id.* at 4–5.) Defendant further asserts that neither California's equitable tolling doctrine nor any equitable tolling available for his federal claims excuse plaintiff's failure to file his suit within the applicable statute of limitations. (*Id.* at 2–5.)

The undersigned agrees with the magistrate judge's determination that the statute of limitations had expired before plaintiff filed this action. (Doc. No. 83 at 16.) As outlined in the pending findings and recommendations, the statute of limitations began to run shortly after plaintiff's surgery in April 2010 because plaintiff was immediately aware that there was issue with that surgery. (Doc. Nos. 1 at 3; 83 at 16–17.) Specifically, plaintiff alleges that when he awoke from surgery, he realized that a portion of his testicle appeared to have been removed

---

[1] Plaintiff's objections also include various unexplained factual recitations and quotations, which appear to be from case law and/or various statutes. (*See, e.g.*, *id.* at 3–14.) The court reviewed these sections of the objections but does not summarize them here due to their difficult-to-discern nature.

without his consent.  (*Id.*)  However, plaintiff did not commence this action until May 10, 2018, more than eight years after the actions were taken about which he complains, approximately four years after the running of the limitations period.  (Doc. No. 1.)  Thus, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

Accordingly,

1. The findings and recommendations (Doc. No. 83) issued on June 10, 2021 are adopted;
2. Defendant's motion to dismiss filed on February 8, 2021 (Doc. No. 73) is granted;
3. This case is dismissed as time–barred under the applicable statutes of limitations; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 7, 2021**                    /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE